1 | Anthony J. Orshansky, Esq. (CA Bar #199364)
2 | David H. Yeremian, Esq. (CA Bar #226337)
   | Justin Kachadoorian, Esq. (CA Bar #260356)
3 | ORSHANSKY & YEREMIAN LLP
   | 16133 Ventura Boulevard, Ste. 1245
4 | Encino, California 91436
   | Tel: (818) 205-1212
5 | Fax: (818) 205-1616

6 | **Attorneys for Plaintiffs**

7 | Joseph E. Tilson (IL Bar #3128988) (Pro Hac Vice)
   | Jeremy J. Glenn (IL Bar #6242988) (Pro Hac Vice)
8 | Jason E. Barsanti (CA Bar #235807)
   | MECKLER, BULGER TILSON MARICK & PEARSON LLP
9 | 123 North Wacker Drive, Suite 1800
10 | Chicago, IL 60606
    | Tel: (312) 474-7900
11 | Fax: (312) 474-7898

12 | Lyne A. Richardson, Bar No. 143566
    | Roger L. Scott, Bar No. 247165
13 | FORD & HARRISON LLP
    | 350 South Grand Ave, Suite 2300
14 | Los Angeles, CA 90071
15 | Tel: (213) 237-2400
    | Fax: (213) 237-2401

16 | **Attorneys for Defendant**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| TYRUS COLLINS, ET AL., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | No. 1:10-CV-00500-OWW-GSA |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER REGARDING** |
| CARGILL MEAT LOGISTIC SOLUTIONS, INC., | ) | **PRODUCTION OF** |
| | ) | **CONFIDENTIAL INFORMATION** |
| Defendant. | ) | **Hon. Oliver W. Wanger** |
| _____ | ) | |

WHEREAS, the parties are engaged in discovery in this case;

WHEREAS, the parties agree that there may be confidential personnel information related to Defendant's current and former employees, who are and are not parties to this action and trade secrets and other confidential research, development or commercial information related to Defendant's business that should be given the protection of a court order to prevent disclosure to persons other than those set forth below;

WHEREAS, the parties agree that public disclosure of confidential personnel information of such parties and non-parties and confidential information regarding Defendant's business operations is not necessary;

WHEREAS, the parties agree that the discovery of information regarding confidential personnel information of such parties and non-parties and Defendant's proprietary business operations may be permissible in this case and that some information may be relevant or reasonably calculated to lead to the discovery of admissible evidence; and

WHEREAS, the parties agree and stipulate to this Protective Order and stipulate that good cause exists to enter this Protective Order pursuant to Fed. R. Civ. P. 26(c);

IT IS, THEREFORE, HEREBY ORDERED THAT:

1. <u>The Scope of the Order</u>:

   a. The terms "confidential personnel information" shall mean any information related to an individual's employment with Defendant, whether current or past, concerning the individual's wages, hours or terms and conditions of employment, including but not limited to any disciplinary records or medical records;

   b. The terms "trade secrets" or "other confidential research, development or commercial information" are used in this Order in the same sense that the terms are used in Fed. R. Civ. P. 26(c)(1).

    c.    The terms of this Protective Order shall apply to all confidential documents produced by Plaintiffs and Defendant in this case, any of the parties' interrogatory answers designated confidential and information gathered, obtained, recorded, analyzed or summarized by the parties' counsel and/or the parties' expert witnesses, including any expert reports or other written materials prepared by the parties' expert witnesses in connection with the above-captioned cases.

2. <u>Designation of Information and Documents</u>.

    a.    The parties may designate in writing as confidential any information or documents they claim falls under the provisions of paragraph 1(a) and (b) of this Order.

    b.    In the event that either party disputes the Designating Party's designation of information as set forth in paragraph 2(a) of this Order, the party challenging the designation shall first contact the Designating Party's counsel and confer in good faith regarding a resolution of the dispute. If such conference does not produce a resolution, the Designating Party may petition the Court for a ruling on such designation.

    c.    The parties, their attorneys (including employees of their attorneys) and experts shall only disclose information designated confidential pursuant to paragraph 2(a) of this Order in accordance with the provisions of this Order.

    d.    The parties, their attorneys (including employees of their attorneys) and experts shall only disclose information whose confidentiality is disputed pursuant to paragraph 2(b) of this Order if permitted by the Court to do so.

3. <u>Disclosure of Information and Documents</u>.

1  The parties, their attorneys (including employees of their attorneys) and experts shall not disclose, distribute or disseminate documents or information designated as confidential pursuant to paragraph 2 of this Order except to the following:

The parties in the present suit and their agents and representatives for use in prosecution of the present suit.

4.  The inadvertent or unintentional production or disclosure of information, including confidential or proprietary information without being designated as confidential shall not be deemed a waiver of a claim of confidentiality by the parties.

5.  This Protective Order is not intended and shall not be construed to require the parties to produce any documents or information not otherwise subject to discovery under the Federal Rules of Civil Procedure.

6.  Notwithstanding any provision herein, the parties have not by entering into this Protective Order, waived any evidentiary objection with respect to any document or information produced in this action, including, but not limited to information pertaining to or arising from the inspection, observation, and recording of activities at Defendant's meat grinding operation in Fresno, California.

7.  Notwithstanding anything contained in this Protective Order to the contrary, any party has the right to petition the Court for a modification, change, or revocation might otherwise be entitled to assert regarding any discovery matter or other issue in these actions.  This Protective Order is entered at this time to facilitate discovery and to save time and expense to the parties and the Court.

Stipulation Entered into by:

///

///

ORSHANSKY & YEREMIAN LLP

By: */ s / David H. Yeremian*
    Anthony J. Orshansky
    David H. Yeremian
    Justin Kachadoorian
    16133 Ventura Blvd., Suite 1245
    Encino, California  91436

*Attorneys for Plaintiffs*


MECKLER BULGER & TILSON LLP

By: */ s / Jason E. Barsanti*
    Joseph E. Tilson
    Jeremy J. Glenn
    Jason E. Barsanti
    123 N. Wacker Drive, Suite 1800
    Chicago, Illinois 60606

*Attorneys for Defendant*

M:\14055\pleading\ORDER-Jt.Prop.Prot.Order (09-01-10).doc

IT IS SO ORDERED.

1 | Dated: __September 2, 2010__              __/s/ Oliver W. Wanger__
2 |                                            UNITED STATES DISTRICT JUDGE